# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON LEROY SCOTT, | Case No. EDCV 13-0703-R (JEM) |
| Petitioner, | |
| v. | ORDER SUMMARILY DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS |
| STATE OF CALIFORNIA, | |
| Respondent. | |

On April 17, 2013, Byron L. Scott ("Petitioner"), a prisoner in state custody proceeding pro se, filed a pleading entitled "Complaint for Negligence to Vacate Sentence/Judgment." Petitioner challenges the validity of his 1996 state court judgment of conviction in San Bernardino County Superior Court Case No. FWV07023 (the "1996 judgment") and, therefore, this pleading is properly construed as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition").

Petitioner previously has filed at least four other federal habeas petitions challenging the 1996 judgment. For the reasons set forth more fully below, the Petition must be dismissed as an unauthorized successive habeas petition.

**FACTUAL AND PROCEDURAL BACKGROUND**[1]

In 1996, in the San Bernardino County Superior Court, Petitioner was convicted of first degree murder, residential burglary, and residential robbery (Cal Penal Code §§ 187, 459, 211).  He was sentenced to a term of life without parole plus seven years.  The California Court of Appeal affirmed the judgment in November 1997.  It does not appear that Petitioner filed a petition for review in the California Supreme Court.

On October 12, 2004, Petitioner filed a petition for writ of habeas corpus in this Court challenging the 1996 convictions.  Scott v. Runnels, Case No. EDCV 04–1274–R (Mc).  Respondent filed a motion to dismiss the petition, contending that the petition was time-barred by the 1-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A).  On April 15, 2005, the Court dismissed the petition with prejudice, finding that it was untimely filed.  The Ninth Circuit denied a certificate of appealability on September 13, 2005.

On November 23, 2009, Petitioner filed a second petition for writ of habeas corpus challenging the 1996 judgment.  On December 2, 2009, the Court summarily dismissed the petition without prejudice, finding that it was a successive petition within the meaning of 28 U.S.C. § 2244 and that Petitioner had failed to obtain approval from the Ninth Circuit prior to filing.  Scott v. Small, Case No. EDCV 09–2163–R (MLG).[2]

On April 2, 2010, Petitioner filed a third petition for writ of habeas corpus in this Court.  Scott v. Small, Case No. EDCV 10–0492–R (MLG).  Petitioner again sought to challenge the 1996 judgment.  In addition to the claims previously presented in his first two federal habeas petitions, Petitioner raised four new grounds for relief.  The third habeas petition was dismissed without prejudice on April 15, 2011, based upon the finding that it was an unauthorized successive petition withing the meaning of 28 U.S.C. § 2244(b)(3)(A).

---

[1]  The facts and procedural history are taken from the Order Dismissing Successive Petition for Writ of Habeas Corpus in Scott v. Small, Case No. EDCV 10–0492–R (MLG).

[2]  Petitioner filed a request for leave to file a successive petition in the United States Court of Appeals for the Ninth Circuit on January 12, 2010.  The request was denied on March 8, 2010.  Scott v. Small, Case No. 10–70100.

On August 11, 2010, the Ninth Circuit entered an order construing Petitioner's request for a writ of mandamus as a request for leave to file a successive petition, and denying that request.  Petitioner was advised that no petition for rehearing or reconsideration would be entertained.  In re Scott, Case No. 10–71463.

On December 20, 2011, Petitioner filed a fourth habeas petition challenging the 1996 judgment.  Scott v. McEwen, Case No. EDCV 11-2017-R.  That petition was dismissed without prejudice on January 4, 2012, as a successive petition withing the meaning of 28 U.S.C. § 2244(b)(3)(A).

On April 17, 2013, Petitioner filed the instant Petition, which again challenges the validity of his 1996 judgment of conviction.  The Petition must be dismissed as an unauthorized successive petition pursuant to 28 U.S.C. § 2244(b)(3)(A).

## DISCUSSION

### A.    Duty to Screen

This Court has a duty to screen habeas corpus petitions.  See Rules Governing § 2254 Cases in the United States District Courts, Rule 4 Advisory Committee Notes.  Rule 4 requires a district court to examine a habeas corpus petition, and if it plainly appears from the face of the petition and any annexed exhibits that the petitioner is not entitled to relief, the judge shall make an order for summary dismissal of the petition.  Id.; see also Local Rule 72-3.2.

### B.    Successive Petition

The Petition must be dismissed as a successive petition over which this Court lacks jurisdiction.  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications."  Tyler v. Cain, 533 U.S. 656, 661 (2001).  AEDPA "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court."  Felker v. Turpin, 518 U.S. 651, 657 (1996); see also Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998).  Second or successive habeas petitions are subject to the "extremely stringent" requirements of AEDPA.  Babbitt v. Woodford, 177 F.3d

744, 745 (9th Cir. 1999).  "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  Second or successive habeas petitions filed in the district court without an authorizing order from the court of appeals shall be dismissed.  See 28 U.S.C. § 2244(b); see also Burton v. Stewart, 549 U.S. 147, 153 (2007) (where petitioner neither sought nor received authorization from Court of Appeals before filing second or successive petition, district court should have dismissed petition for lack of jurisdiction).  "'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'"  Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (quoting Libby v. Magnusson, 177 F.3d 43, 46 (1st Cir. 1999)).

Although the Petition is labeled as a "Complaint for Negligence to Vacate Sentence/Judgement," it directly challenges the validity of the 1996 judgment and must be construed as a successive federal habeas petition.  Under AEDPA, Petitioner was required to obtain an order from the Ninth Circuit authorizing the Court to consider his claims prior to filing this case.  Because he did not do so, this Court is without jurisdiction to entertain the Petition.  Burton, 549 U.S. at 153; see also 28 U.S.C. § 2244(b)(3)(A).

**ORDER**

In accordance with the foregoing, IT IS HEREBY ORDERED that the Petition is DISMISSED without prejudice to Petitioner filing a new petition, BUT ONLY IF he obtains the necessary authorization from the Ninth Circuit.  If Petitioner does not obtain such authorization, he shall not file any additional motions or petitions for amendment,

///

///

///

///

reconsideration, rehearing, or other relief relating to the 1996 judgment of conviction for murder.

IT IS SO ORDERED.

DATED:  May 3, 2013

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

Presented by:

/s/ John E. McDermott
John E. McDermott
United States Magistrate Judge